### ILLINOIS TERMINAL R. CO.

### v.

### FRIEDMAN.

### No. 14817.

United States Court of Appeals
Eighth Circuit.

Feb. 17, 1954.

---

Wayne Ely, St. Louis, Mo., filed petition for appellant.

No appearance by appellee on petition for rehearing.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The defendant (appellant) has filed a petition for rehearing.

Two questions were presented in the brief of the defendant which were not covered by our opinion in this case, namely (1) whether the trial court erred in refusing to permit the plaintiff's (appellee's) daughter to be cross-examined by the defendant, and (2) whether "The

verdict of the jury resulted from prejudice, influenced by improper argument."

Neither of these questions was mentioned on oral argument and we assumed from the remarks of counsel for the defendant that neither was relied upon for reversal. We decided the only two questions that were argued orally, but are now advised that counsel who argued the case for the defendant did not intend to limit the questions for decision to those orally argued, and that the first of the two questions which we did not decide is regarded as of controlling importance.

■ The assertion that the verdict of the jury was the result of prejudice induced by improper argument of plaintiff's counsel was, of course, without any merit, since the record did not contain all of the arguments. This Court has repeatedly stated the obvious proposition that, in order to be able to decide whether arguments were both improper and prejudicial, it is necessary to have included in the record the arguments made by counsel on both sides. Chicago & N. W. R. Co. v. Kelly, 8 Cir., 74 F.2d 31, 37; London Guarantee & Accident Co. v. Woelfle, 8 Cir., 83 F.2d 325, 344. While counsel for the defendant has not in his petition for rehearing referred to this question, we prefer to decide it because of our apparent mistake in assuming that the questions which were not argued orally were waived.

■ There is substance to the defendant's assertion that the District Court erred in refusing to permit the defendant's counsel to cross-examine the plaintiff's married daughter, who was in the automobile which her mother was driving at the time of the collision in which both were injured and which the mother blamed upon the defendant.

The daughter was a material witness. She became a vulnerable witness so far as her mother's claim against the defendant was concerned, because, prior to the trial, she made a settlement for her own injuries with the liability insurer of the automobile her mother was

driving when the accident occurred. The daughter had given the insurer a covenant not to sue her mother or father or his employer, who owned the automobile. This conduct on the daughter's part was inconsistent with the theory that she considered that the defendant was solely to blame for the accident and that her mother was free from contributory negligence. See and compare London Guarantee & Accident Co. v. Woelfle, supra, 83 F.2d 325, 336–337. Had the plaintiff called the daughter as a witness, she could have been cross-examined by the defendant about this settlement. The plaintiff did not call her. Since she was a material witness, whom the plaintiff would naturally have called if her testimony would have been helpful, the defendant, at the close of the plaintiff's case, had the benefit of a strong presumption that, if the daughter had been called upon to testify, her testimony would have been unfavorable to her mother.

The defendant's counsel, however, was not satisfied with having that presumption as a basis for jury argument. He called the daughter to the stand as the defendant's own witness. As reasonably might have been anticipated, her testimony, adduced by defendant's counsel, corroborated that of her mother and was to the effect that her mother was not negligent in her handling of the automobile at the time of the accident. The daughter was asked whether she did not make a claim against her mother, and said "No". She was then asked, "Were you paid any money?" Counsel for the plaintiff then objected on the ground that opposing counsel was trying "to impeach his own witness on matters that are not proper." The defendant's counsel then claimed surprise, and offered to show by the witness that on April 28, 1951, she was paid $4,380 by the liability insurer of the automobile involved in the accident for agreeing not to assert a claim against her mother for personal injuries received in the accident in

suit. The court sustained the plaintiff's objection to the offer.

■ The applicable Missouri rule is stated in Zips v. Mutual Benefit Health & Accident Ass'n, Mo.App., 169 S.W.2d 62, 69, as follows:

"The general rule is that a party may not cross-examine his own witness, subject, however, to the well-recognized exception that where the witness is hostile or his interest is adverse, the surprised party may be allowed to cross-examine such recusant witness just as though he had been called by the opposing party whose interest he undertakes to serve. The matter of whether cross-examination shall be allowed in a given instance is one reposing within the sound discretion of the trial court, reviewable as in the case of any other discretionary ruling, but not to be interfered with on appeal unless it appears that the court's discretion has been abused."

See, also Crabtree v. Kurn, 351 Mo. 628, 646–647, 173 S.W.2d 851, 858–859.

In United States v. Manton, 2 Cir., 107 F.2d 834, at page 845, Mr. Justice Sutherland said:

"* * * The office of cross-examination is to test the truth of the statements of the witness made on direct; and to this end it may be exerted directly to break down the testimony in chief, to affect the credibility of the witness, or to show intent. The extent to which cross-examination upon collateral matters shall go is a matter peculiarly within the discretion of the trial judge. And his action will not be interfered with unless there has been upon his part a plain abuse of discretion. 3 Wharton's Criminal Evidence (11th Ed.), § 1308. See Alford v. United States, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624. * * *"

It is apparent that defendant's counsel, in calling the plaintiff's daughter as a witness for the defendant, indulged in some risky trial strategy which backfired to the defendant's prejudice when the trial court refused to allow counsel to cross-examine the daughter with respect to her settlement with the liability insurer of the automobile driven by her mother.

■ This Court, in the case of London Guarantee & Accident Co. v. Woelfle, supra, at pages 332–334 of 83 F.2d, pointed out that the extent of permissible cross-examination of a material witness by the party who called him was dependent upon whether the cross-examination would be helpful in ascertaining the truth concerning the issues being tried, and not upon whether the cross-examination would or might discredit the witness or whether the cross-examiner was actually surprised by the witness' testimony. But we also pointed out in that case that cross-examination of a witness by the party calling him was susceptible to abuse and that it was within the sound discretion of the trial court to permit the use and to prevent the abuse of such cross-examination.

■ In the instant case the trial court reasonably might have believed that, in calling the daughter of the plaintiff to testify on behalf of the defendant, defendant's counsel was not "concerned with the development of a truthful narration of occurrences in the interest of justice". Levy v. United States, 8 Cir., 35 F.2d 483, 484; London Guarantee & Accident Co. v. Woelfle, supra, at page 334 of 83 F.2d, but was attempting to show that the plaintiff's daughter was either an untruthful or a dishonest woman. While we think that the trial court might have permitted defendant's counsel greater latitude in his examination of this witness, we cannot say that the court's refusal to do so was a plain abuse of discretion.

Our conclusion is that a rehearing by this Court of this case could serve no useful purpose. The petition for rehearing is denied.