Paul A. CARVER, Appellant,

v.

UNITED STATES, Appellee.

No. 7052.

District of Columbia Court of Appeals.

Argued July 12, 1973.

Decided Dec. 14, 1973.

Bernard J. Harig, Washington, D. C., appointed by this court, for appellant.

Peter R. Reilly, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the brief, for appellee.

Before GALLAGHER, NEBEKER and PAIR, Associate Judges.

NEBEKER, Associate Judge:

This is an appeal from a conviction for possession of dangerous drugs.[1] There are two instructional errors claimed: (1) use of the missing witness instruction, and (2) instructing on "possession" to mean that only "mere custody" need be proven. We reverse and remand for a new trial on the first-claimed error and therefore do not reach the second.

In the early morning of August 20, 1972, police officers responded to a burglar alarm in the District of Columbia. After the officers finished checking the source of the alarm, one officer noticed appellant in the vicinity. Appellant was stopped and the ensuing events culminated in appellant's arrest. Found in appellant's jacket was a lady's change purse containing, among other things, a pill classified as a dangerous drug, the subject of this conviction. Appellant testified that just prior to his apprehension he had met an old girl friend

1. D.C.Code 1973, §§ 33–701(1) (A) and 33–702(a) (4).

who had given him the purse explaining that she was going out with her new boy friend and that the boy friend always took money from her.

Appellant identified the woman by name and related that several times he had been in contact with her but she had refused to come to court to testify. He also stated that he had been in contact with the woman's grandmother and had learned that she no longer lived with the grandmother. Appellant testified that two weeks prior to the trial he had seen the woman and had asked for her address, which she refused to divulge stating she did not want to go to jail. Appellant further explained, "[S]he's on drugs real bad now—".

In instructing the jury, the trial judge, over the objection of defense counsel,[2] gave the missing witness instruction, stating:

> Now, that young lady [the witness] has not appear[e]d here as a witness and some explanation has been given to you as to why she is not here. So, I instruct you that if a witness who could have given material testimony on an issue in a case was peculiarly available to one party and was not called by that party and his absence has not be[en] sufficiently accounted for or explained, then you may, if you deem it appropriate, infer that the testimony of that witness would not have been helpful to the party that failed to call him. Again, you don't have to apply that and you must determine whether or not there is such a witness. You must determine whether that witness' absence has been satisfactorily explained to you. Of course, you must determine whether or

not that witness is peculiarly available to one party and not the other in this law suit.

We hold that such an instruction was improper under the circumstances of this case.

■ The foundation for this instruction was stated by the United States Supreme Court in Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 41 L.Ed. 732 (1893), as follows:

> [I]f a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable. . . . [*Id.* at 121, 14 S.Ct. at 41.]

This jurisdiction, following the general rule,[3] has recognized that for the trial judge to instruct accordingly it must be shown that such testimony would "elucidate the transaction," and also that the witness was peculiarly within one party's power to produce. Otherwise, there may not be comment, or an instruction, as to the absent witness.[4]

■ In the instant case the missing witness' testimony would undoubtedly "elucidate the transaction". If the witness were to testify that she was not in the locality, or that she otherwise did not give appellant the purse, his conviction would be imminent. If, however, her testimony substantiated appellant's testimony, it may be that the jury would have acquitted him. It is apparent from appellant's testimony that if the witness were to testify, her testimony would be self-incriminating. In

2. The judge asked counsel for both sides whether there were any special instructions requested, whereupon counsel for the government requested the missing witness instruction. Defense counsel objected stating, "I don't think it is proper." The judge declared that it was proper and defense counsel said, "I know it isn't proper. I tried to locate the witness."

3. Fleming v. United States, D.C.App., 310 A.2d 214 (1973); Conyers v. United States, D.C.App., 309 A.2d 309 (1973); Wynn v. United States, 130 U.S.App.D.C. 60, 397 F.2d 621 (1967).

4. Wynn v. United States, *supra* at 64, 397 F.2d at 625.

light of this fact and the inability to subpoena the witness, or otherwise secure her voluntary appearance, we are of the opinion that the witness was not "peculiarly within" appellant's "power to produce" and therefore the adverse instruction should not have been given.

With reference to the requirement of peculiar availability, this court in Krupsaw v. W. T. Cowan, Inc., D.C.Mun.App., 61 A.2d 624, 627 (1948), recognized that in similar cases where the record was silent or at least there was a doubt that the witness was available to one party or to either party, the unfavorable inference had not been permitted. Although that was a civil case, the same conclusion applies here.

■ It is well settled that a witness is not "peculiarly within" one party's "power to produce" where that witness will exercise his privilege against self-incrimination. See Bowles v. United States, 142 U.S.App.D.C. 26, 439 F.2d 536 (1970), cert. denied, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971). There, the circuit court, sitting en banc, agreed with the trial court when it excluded a witness from testifying based upon knowledge that the witness would exercise his privilege against self-incrimination. Defense counsel sought a missing witness instruction and the trial court ruled that the witness was not available to either side if he would invoke that privilege.

We do not see that Pennewell v. United States, 122 U.S.App.D.C. 332, 353 F.2d 870 (1965), is authority requiring this result for there it was "supposed or inferred" that the missing witness would claim his testimonial privilege. Here it appears clear that the absent witness was in fact exercising that privilege. See Stewart v. United States, 135 U.S.App.D.C. 274, 279, 418 F.2d 1110, 1115 (supplemental opinion) (1969).

While we do not reach the second claim of error respecting the instructional definition of possession, it is to be hoped that in the event of a new jury trial effort will be made to impart a clearer and more accurate understanding of that term.[5]

Reversed and remanded for a new trial.

---

5. By way of suggestion, we note that there is an instruction for simple possession of narcotics or controlled substances contained in the Criminal Jury Instructions for the District of Columbia, D. C. Bar Association, Young Lawyer's Section (2d ed. 1972), which specifically outlines the essential elements needed to be proven. *Id.,* Instruction 4.31, at 115. *See also* Edelin v. United States, D.C.App., 227 A.2d 395 (1967).