**Eddie L. HAYNES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 7438.

District of Columbia Court of Appeals.

Argued March 12, 1974.

Decided April 30, 1974.

Robert B. Yorty, Washington, D. C., appointed by this court, for appellant.

Julius A. Johnson, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry and John S. Ransom, Asst. U. S. Attys., were on the brief, for appellee.

Before KERN and YEAGLEY, Associate Judges, and HOOD, Chief Judge, Retired.

YEAGLEY, Associate Judge:

This appeal is from a conviction for carrying a concealed weapon without a license.[1] The sole issue raised is the propriety of the giving of a missing witness instruction by the trial court, and the remarks of government counsel in his summation to the jury as to the inference to be drawn from the witness' absence.

We find that the giving of the missing witness instruction was, under the circumstances of this case, prejudicial error and that this error requires reversal.

The police officers first encountered appellant when they answered a radio run for a "breaking in" and saw appellant standing on the porch at the front door of

1. D.C.Code 1973, § 22–3204.

the house mentioned in the radio run. Appellant said he was there to see someone he knew. He was unable to produce identification and said he lived across the street. The officers told him to go home. Immediately thereafter the owner of the house, standing inside the open door, told the officers that he didn't know the man.

One of the officers thereupon began to follow appellant who disappeared into an alley across the street. He found him at the bottom of an outside stairway behind an apartment at 2151 13th Street. The officer said he heard a noise like paper bags rattling so he shined his flashlight on him. He stated he saw appellant placing a brown bag on the ground with a brown handle sticking out of it and pointed out to his partner, behind him, that appellant had a gun. On cross-examination the officer said he had seen the paper bag protruding from the appellant's coat pocket earlier.

Appellant testified he once was the janitor at the house where the officers first saw him and had gone there to see a girl named "Nedrie or Nedra". He said she had come to the door but he heard her father say, "Tell him to get away from the house . . . ." The girl was not called as a witness.

Based on this, the government requested a missing witness instruction which was given[2] over the objection of appellant. The appellant contends that this was error and also that the prosecutor made improper comments on it, in the course of his summation,[3] which compounded the error.

■ The missing witness instruction is to be given only when it appears that the absent witness could give testimony that would elucidate the transaction. In that event, and if it appears that it is peculiarly within the defendant's power to produce the witness, his failure to do so permits an inference that the testimony would have been unfavorable. Graves v. United States, 150 U.S. 118, 121, 14 S.Ct. 40, 37 L.Ed. 1021 (1893); United States v. Young, 150 U.S.App.D.C. 98, 463 F.2d 934 (1972); Wynn v. United States, 130 U.S. App.D.C. 60, 397 F.2d 621 (1967).

■ The absent witness here, according to appellant, was present at the door of the house, where she allegedly lived, shortly before the officers first encountered appellant when they responded to a radio run reporting a "breaking in" at that address. However, she was not present, it is conceded, when the officers found the appellant in a stairway behind an apartment across the street from her house in possession of a gun in a paper bag. We cannot see in what manner she could elucidate that transaction which is the subject of this prosecution. It is true that when the appellant was asked on cross-examination, "But she was present when you were there, and she could give testimony?", he replied, "I believe she could." However, his

2. If a witness who could have given material testimony on an issue in this case was peculiarly within the power of, or was peculiarly available to, one party, and was not called by that party and his absence had not been sufficiently accounted for or explained, then you may, if you deem it appropriate, infer that the testimony of the witness would have been unfavorable to the party which failed to call him.

However, no such inference should be drawn by you with respect to a witness who is equally within the power of either party to produce that his testimony would have been unfavorable or favorable to either party.

3. You can consider such things as, the upward range that Mr. Haynes could possibly see—the young lady he was going to see.

His Honor will instruct you concerning the law and the case, its elements. And if you find that her testimony would have been such that it could have clarified matters and alleviated things for the defendant, and that it would have been within the defendant's power to bring her in and he did not, if indeed there was such a woman as he says, you may infer that her testimony would not have been favorable to him.

belief, while important from the factual aspect of whether or not she knew something, is not decisive as to our determination of the possible relevance of her testimony. What she could testify to, regarding defendant not being in possession of a gun, is not apparent. The occurrence concerning which she had knowledge was remote in relation to appellant's arrest and it was not known what testimony she could offer. It cannot be concluded that such testimony would elucidate the transaction and it was therefore error for the court or counsel for the government to suggest to the jury it could infer that, if called, her testimony would have been unfavorable to the accused. In *Wynn, supra,* the court said: "And we have outlawed both comment and instruction as to absent witnesses where either of these conditions was lacking." *Id.* at 64, 397 F.2d at 625 *and see* cases cited in footnotes 21 and 22 (footnotes omitted). *See also* Brown v. United States, 134 U.S.App.D.C. 269, 414 F.2d 1165 (1969).

Having concluded that it was error for the court to give a missing witness instruction, we must determine whether that error requires reversal. In Brown v. United States, *supra* at 272, 414 F.2d at 1168, an erroneously given missing witness instruction was found to be harmless error because the testimony of that missing witness was relevant, if at all, to counts on which the defendant had been acquitted; a situation we do not have here. The court in *Brown* noted however that the instruction may tend to cast doubt on the credibility of the defendant and that in a case where the credibility of the defendant was crucial the error would be prejudicial.

Here the credibility of appellant was all important to his defense. The crucial issue was whether he was in possession of a gun. His testimony was that he had never been in possession of the gun, while the police officer testified that he saw appellant place on the ground a paper bag from which the butt of a revolver protruded.

The case therefore turned on the credibility of the witnesses. Since the erroneously given instruction and the government's comments thereon may have damaged appellant's credibility with the jury, which could have drawn an inference regarding the absent witness, we cannot say that the error was harmless.

Reversed for a new trial.