Kenneth SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 8112.

District of Columbia Court of Appeals.

Argued April 10, 1975.

Decided Aug. 14, 1975.

---

Linda Kay Davis, Washington, D. C., for appellant. Nan C. Bases, Washington, D. C., was appointed by the court for appellant. Warren C. Nighswander, Washington, D. C., entered an appearance for appellant.

Michael A. Pace, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Peter O. Mueller, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of assault with a dangerous weapon (D.C.Code 1973, § 22–502). He alleges on appeal that the trial judge erred (1) by denying his motion for acquittal at the close of the government's case; (2) by failing to give a jury instruction on witness identification even though defense counsel specifically declined to request it; and (3) by denying his request for a missing witness jury instruction.

At approximately 7:45 p. m. on September 27, 1972, Miss Margaret Parker was assaulted as she was stepping from her car on 49th St., N.E. She had recently purchased a new car and was visiting a friend, Linda Hollingshead, to show it to her. A man grabbed Miss Parker around the neck, placed a gun to her temple, and forced her back into the car. He demanded that she drive the car around the block.

A struggle ensued during which she was able to catch glimpses of her assailant, especially of his facial profile. As Miss Hollingshead approached the car, the assailant was momentarily distracted, allowing Miss Parker to break from his grasp and to view his full face. During her escape she was struck several times on the head with the pistol butt. As she fled from the car she screamed and both women ran to Miss Hollingshead's house.

In reporting the assault to the police, Miss Parker described her assailant as being a Negro male, 5'5" in height, with a brown complexion, a medium size bush haircut, and a gold earring in his right ear. During the police investigation, Miss Parker viewed four hundred and fifty to six hundred photographs but was unable to make any identification of her assailant. Appellant's picture was never among those viewed.

The case lay dormant for eight and one-half months until June 8, 1973, when Miss Parker recognized her assailant at a gas station in the neighborhood where she had been attacked. Later that day, in the same neighborhood while sitting on a porch with some friends, she again recognized her assailant as he walked by. She pointed him out as the man who had attacked her. One friend, James Lancaster, identified the man as Kenneth Smith. That evening she want to the police, related to them her several sightings of appellant and gave them the name Kenneth Smith. The next day she identified appellant from an array of eleven photographs although the picture had been taken in 1964 and showed appellant with very little hair. Shortly thereafter appellant was arrested and at a subsequent lineup was again identified by Miss Parker.

I

We reject appellant's first contention that the government's evidence was legally insufficient to withstand his motion

for a judgment of acquittal. In concluding that the court's denial of the motion was not error, we of course recognize the prevailing rules that "a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt"[1] and that we, just as the trial court, must view the evidence in the light most favorable to the government.[2]

As this is a one witness case in which the government's entire proof rests upon Miss Parker's identification of appellant, we are aware of its inherent dangers. For this reason we stated in *Crawley v. United States*, D.C.App., 320 A.2d 309, 311–12 (1974), quoting with approval from *United States v. Levi*, 405 F.2d 380, 383 (4th Cir. 1968), that:

"[A trial] judge has the power to refuse to permit a criminal case to go to the jury even though the single eye witness testifies in positive terms as to identity . . . .. In deciding whether to permit a criminal case to go to the jury, where identification rests upon the testimony of one witness, the [trial] judge ought to consider with respect to identification testimony the lapse of time between the occurrence of the crime and the first confrontation, the opportunity during the crime to identify . . . the reasons, if any, for failure to conduct a line-up or use similar techniques short of line-up, and the [trial] judge's own appraisal of the capacity of the identifying witness to observe and remember facial and other features. In short, the [trial] judge should concern himself as to whether the totality of circumstances 'give[s] rise to a very substantial likelihood of irrepara-

ble misidentification.' [Footnote and citations omitted.]"

Of these factors which require close scrutiny by the trial judge, appellant relies principally upon the eight and one-half months' lapse of time between the occurrence of the crime and the first confrontation. Notwithstanding this time lapse, however, there remained substantial evidence from which a jury might find the identification accurate beyond a reasonable doubt. Miss Parker's identification was spontaneous and not the product of a suggestive show-up or lineup. She identified appellant from an array of eleven photographs in which appellant's photograph was ten years old and showed him with very little hair. Appellant was also selected from a lineup and was identified in court as the assailant. Thus, on the critical issue of identification ". . . the evidence was such that a reasonable mind might fairly have a reasonable doubt *or might not* have such a doubt. . . ."[3] Therefore, the case was properly submitted to the jury.

II

Appellant's second claim of error also focuses upon the question of identification. As is apparent, the crucial issue at trial was the uncorroborated identification of appellant by Miss Parker, for while Miss Hollingshead saw the assailant flee, she could not make an identification. The other prosecution witness, Detective Nathaniel Holmes, testified only about the photograph array and the lineup. Thus the jury was confronted with a case in which a verdict depended upon the testimony of a single witness, the victim, and in order for the jury to return a verdict of guilty it had to find that the identification was convincing beyond a reasonable doubt.

The obvious danger in a one witness case is that an innocent person may be

1. *Curley v. United States*, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947) [footnote omitted].

2. *Crawford v. United States*, 126 U.S.App. D.C. 156, 158, 375 F.2d 332, 334 (1967).

3. *Id.*

convicted upon a mistaken identification, so to lessen the chance of such a miscarriage of justice, the jury should be instructed on the importance of carefully evaluating the identification testimony and the circumstances surrounding the identification.[4] In this jurisdiction there is a model jury instruction designed to fulfill this purpose.[5] The instruction was available in this case but defense counsel specifically declined to request it, as follows:

> THE COURT: Does either side request it be given?
>
> GOVERNMENT COUNSEL: I think I will defer to counsel.
>
> DEFENSE COUNSEL: Your Honor, I am not requesting that instruction.
>
> THE COURT: Let the record reflect that counsel indicates that she is not requesting that instruction. Anything else? [Tr. 161–62.]

After the jury had been instructed and before it retired, the court asked if there were any objections to the instructions other than those previously recorded or any requests for additional instructions. There were none.

■ We cannot agree with appellant's assertion that in these circumstances it is reversible error for the trial judge to fail to give the identification instruction *sua sponte*. The case was not a complicated one and all agree the sole issue for the jury was whether or not Miss Parker had correctly identified appellant as her assailant. The circumstances of the identification were explored at length on cross-examination. The closing argument of defense counsel hammered away at the identification testimony. The trial judge instructed the jury that it was its duty to assess the credibility of witnesses and that the government had the burden of proving each element of the crime beyond a reasonable doubt. Since the jury was faced with only the government's evidence[6] and the

---

4. *See United States v. Telfaire*, 152 U.S.App. D.C. 146, 152, 469 F.2d 552, 558 (1972) (explaining the one witness rule; setting out a model instruction; and ruling that the instruction, absent strong reason, should be given in the future); *United States v. Barber*, 442 F.2d 517, 528 (3d Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971) (setting out a model instruction to be used prospectively); *United States v. Hodges*, 515 F.2d 650 (7th Cir. 1975) (identification instruction must be given if requested by counsel).

5. Criminal Jury Instructions for the District of Columbia, 2d Ed., D.C. Bar Ass'n (1972) Instruction 5.06, IDENTIFICATION
   The burden is on the Government to prove beyond a reasonable doubt, not only that the offense was committed as alleged in the indictment, but that the defendant was the person who committed it.
   In considering whether the Government has proved beyond a reasonable doubt that the defendant is the person who committed the offense, you may consider any one or more of the following:
   1. The witness' opportunity to observe the criminal acts and the person committing them, including the length of the encounter, the distance between the various parties, the lighting conditions at the time, the witness' state of mind at the time of the offense, and other circumstances affecting the witness' opportunity to observe the person committing the offense that you deem relevant;
   2. Any subsequent identification, failure to identify or misidentification by the witness, the circumstances surrounding that identification, the certainty or lack of certainty expressed by the witness, the state of mind of the witness at the time, and other circumstances bearing on the reliability of the witness' identification that you deem relevant; and
   3. Any other direct or circumstantial evidence which may identify the person who committed the offense charged or corroborate or negate the identification by the witness.
   You must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If the circumstances of the identification of the defendant are not convincing beyond a reasonable doubt, you must find the defendant not guilty.

6. The defense rested after the government's presentation.

only issue was the identification of appellant, we believe the instructions given adequately apprised the jury of its duty to find the identification convincing beyond a reasonable doubt.

Even if the model jury instruction quoted in footnote 5 is not requested, it is within the province of a trial judge to give this charge *sua sponte*. In one-witness cases, we commend this practice because in a complicated case cross-examination, final arguments, and general instructions on credibility and burden of proof may not adequately apprise the jury of its role in this crucial area. There still rests upon defense counsel the responsibility to request such an instruction, however, and we agree with the rationale of *United States v. Wilford,* 493 F.2d 730, 736 (3d Cir.), *cert. denied,* 419 U.S. 851, 95 S.Ct. 91, 42 L.Ed.2d 81 (1974), a more complicated case in which defense counsel failed to request an identification instruction and the trial judge did not sua sponte give it, that:

. . . In view of the many variations of fact and circumstance which must be considered in determining whether a special cautionary instruction should be given, we are reluctant to impose the responsibility for making this determination upon the trial judge. This is and should remain the responsibility of defense counsel. Counsel knows his case, his witnesses, and his strategy. He should have the duty to alert the court to the identification issue, especially when the issue is less than obvious. To hold that it is plain error to fail to give a special charge in the circumstances of this or similar cases would only encourage lethargy on the part of counsel, and would permit counsel to sow the seeds of

error by remaining mute until after the verdict is returned.

### III

■ Appellant's final contention is that a requested missing witness instruction concerning James Lancaster, a potential government witness, was improperly denied by the trial court. Mr. Lancaster was present when Miss Parker recognized appellant for the second time on June 8th and gave her appellant's name.

As long ago as *Graves v. United States,* 150 U.S. 118, 121, 14 S.Ct. 40, 37 L.Ed. 1021 (1894), it was stated that

. . . if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction, the fact that he does not do it creates the presumption that the testimony, if produced, would be unfavorable. . . . [Citations omitted.] [7]

In deciding if a missing witness instruction should be given, however, a trial court "has considerable latitude in determining whether from all circumstances an inference of unfavorable testimony from an absent witness is a natural and reasonable one" [citation omitted],[8] and upon an examination of the present record we conclude that the trial judge did not abuse his discretion in denying the requested instruction.

### IV

■ The trial judge had neglected to impose a minimum sentence upon appellant and attempted to correct this error after the notice of appeal was filed. This he

---

7. *Accord, Haynes v. United States,* D.C.App., 318 A.2d 901, 902 (1974); *Carver v. United States,* D.C.App., 312 A.2d 773, 774 (1973); *Fleming v. United States,* D.C.App., 310 A.2d 214, 220 (1973).

8. *United States v. Craven,* 147 U.S.App.D.C. 383, 386, 458 F.2d 802, 805 (1972); *accord, United States v. Young,* 150 U.S.App.D.C. 98, 107, 463 F.2d 934, 943 (1972).

had no authority to do.[9] Accordingly, we affirm the judgment of conviction on appeal but vacate the order correcting appellant's sentence and remand the case for resentencing.[10]

*So Ordered.*

---

9. *Franklin v. United States*, D.C.App., 293 A. 2d 278, 279 (1972); *King v. United States*, D.C.App., 271 A.2d 556, 558 (1970).

10. Appellant's claim of ineffective assistance of counsel based upon the failure to request an identification instruction is without merit.