Jerry ANDERSON, a/k/a William Autry Miller, Appellant,

v.

UNITED STATES, Appellee.

No. 9498.

District of Columbia Court of Appeals.

Submitted Dec. 16, 1975.

Decided Jan. 19, 1976.

Edward R. Shannon, appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stanley M. Weinberg and Neil A. Kaplan, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before NEBEKER, HARRIS and MACK, Associate Judges.

PER CURIAM:

Appellant was charged and convicted, after a jury trial, of carrying a pistol without a license (D.C.Code 1973, § 22–3204). The charge grew out of an argument between appellant and Walter Holmes in a restaurant. As Holmes threatened to hit appellant with a bar stool, appellant shot him and ran out of the building, throwing the gun away as he fled. Appellant denied having the gun in his possession prior to entering the restaurant and stated that a man called Drummer (Calvin Wilkins) gave the gun to him during the argument.

On appeal, appellant contends that information in the Bail Agency report concerning his prior conviction for uttering was improperly used to impeach his credibility.[1] The source of the information was appellant's own admission to the Agency, which, he argues, was to be used only for the purpose of determining bail.

D.C.Code 1973, § 23–1303(d) states that "[a]ny information" in the Bail Agency report "may be used . . . for the purposes of impeachment in any subsequent proceeding." In *Herbert v. United States,* D.C.App., 340 A.2d 802 (1975), we held that a prior inconsistent statement given to the Bail Agency may be used for impeachment purposes in the prosecution of the offense for which the Bail Agency statement was given. Section 23–1303(d) is not limited to prior inconsistent statements, but instead provides that "any information" in the agency report may be

1. Uttering is an impeachable offense. *Durant v. United States,* D.C.App., 292 A.2d 157 (1972), *cert. denied,* 409 U.S. 1127, 93 S.Ct. 946, 35 L.Ed.2d 259 (1973).

used for impeachment. Accordingly, impeachment with information concerning appellant's prior conviction was proper.

Appellant also contends that a missing witness instruction was required because the government did not produce Calvin Wilkins to rebut appellant's claim that Wilkins gave him the gun in question. Before a missing witness instruction may be given, it must be established that the witness would "elucidate the transaction" at issue and also that the witness was peculiarly within one party's power to produce. *Fleming v. United States,* D.C. App., 310 A.2d 214 (1973); *Conyers v. United States,* D.C.App., 309 A.2d 309 (1973). Appellant was acquainted with Wilkins and made no effort to locate him

or to call him as a witness.[2] The record provides no basis for concluding that Wilkins was uniquely available to the government.[3] *See Richards v. United States,* 107 U.S.App.D.C. 197, 275 F.2d 655, *cert. denied,* 363 U.S. 815, 80 S.Ct. 1253, 4 L.Ed.2d 1155 (1960); *cf. Burgess v. United States,* 142 U.S.App.D.C. 198, 440 F.2d 226 (1970).

Moreover, the government presented two eyewitnesses whose testimony contradicted appellant's version of the events at issue. Wilkins' testimony, if produced for the same purpose, would have been merely cumulative.[4] In the circumstances of this case, appellant's request for a missing witness instruction was properly denied.

*Affirmed.*

2. Although appellant claimed to know Wilkins only by the nickname of "Drummer", from the evidence at trial it appeared not unlikely that appellant could have identified and located the witness. In addition, appellant did not seek any discoverable information or otherwise attempt to discover Wilkins' proper name and address.

3. If Wilkins would have claimed his Fifth Amendment privilege against self-incrimination when called to testify, as appellant asserts, he would not have been available as a witness to either party. *See Bowles v. United States,* 142 U.S.App.D.C. 26, 439 F. 2d 536 (1970), *cert. denied,* 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971). *See also Carver v. United States,* D.C.App., 312 A.2d 773 (1973).

4. The government is required to establish beyond a reasonable doubt every element of the offense charged, but it need not rebut defense testimony nor call a witness which it deems unnecessary to its case. *Richards v. United States, supra.* A missing witness instruction is not required if the absent witness' testimony would be merely cumulative. *Brown v. United States,* 134 U.S.App.D.C. 269, 270–71, n. 2, 414 F.2d 1165, 1166–67 n. 2 (1969); *Morton v. United States,* 79 U.S. App.D.C. 329, 332, 147 F.2d 28, 31, *cert. denied,* 324 U.S. 875, 65 S.Ct. 1015, 89 L.Ed. 1428 (1945); 2 Wigmore, Evidence § 287 (3d ed. 1940).