**Herbert TOLLIVER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11318.**

District of Columbia Court of Appeals.

Argued June 21, 1977.

Decided Oct. 14, 1977.

William H. Dowdy, Staff Atty., Public Defender Service, Washington, D. C., for appellant. Mildred M. Matesich, Public Defender Service, Washington, D. C., was on the brief for appellant.

Lillian A. McEwen, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, William D. Pease, and Regina C. McGranery, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, NEBEKER and MACK, Associate Judges.

NEBEKER, Associate Judge:

On appeal from convictions of armed robbery (D.C.Code 1973, §§ 22–2901, –3202), and carrying a pistol without a license (D.C. Code 1973, § 22–3204), appellant argues that his convictions should be reversed because the identification evidence used against him was insufficient, and the 18–month delay between the date of the offense and his indictment seriously prejudiced his ability to present a defense and thus denied him due process of law. We disagree and affirm the convictions.

The circumstances surrounding appellant's convictions were as follows. Shortly after midnight on March 3, 1974, Miss Patricia Ann Moore walked past appellant and codefendant Cornell Hall, who were standing on the street corner, and entered a telephone booth. As she began talking on the telephone with a Mr. Cook, appellant and Hall assaulted, robbed, and shot her. As the assailants were about to flee, Hall exclaimed, "Peanuts, let's get the hell out of here." Miss Moore subsequently recounted the events to Mr. Cook, who concluded, based on the name "Peanuts" and the description Miss Moore gave of her attackers, that appellant and Hall might be the perpetrators. Cook had been acquainted with them while he was a counselor at a local junior high school. The police constructed a photographic array, based upon this information, and included therein a photograph of appellant and of Hall. Three days after the offense, Miss Moore positively identified Hall from this array. Her identification of appellant, however, was tentative in that she could only say with respect to appellant's photograph that the person depicted had features similar to those of the second assailant. She was unable to make a positive identification of appellant because the photograph showed him as he appeared two years prior to the offense. Miss Moore, however, positively identified appellant at a lineup 18 months after the offense and at trial.

Viewing the evidence on appeal in a light most favorable to the government, we find sufficient evidence of identity to conclude that the identification of appellant could have been convincing beyond a reasonable doubt to a reasonable mind. Miss Moore had ample opportunity to view appellant as she passed him on the sidewalk and as she struggled with him at the telephone booth. Appellant was not masked and a street lamp provided sufficient illumination of his features. Her tentative identification of appellant from a photographic array was followed by a positive identification of him at a lineup and at trial. Significantly, appellant admitted being known by his friends as "Peanuts," the name one robber had called the other during the offense. Finally, appellant lived in the neighborhood where the offense occurred, and was seen in the vicinity of the robbery two weeks before the instant offense accompanied by his friend, Cornell Hall. Any discrepancies in the victim's description of appellant were

thoroughly explored on cross-examination and during argument by defense counsel, and were properly weighed by the jury. We hold there was sufficient evidence from which the identification of appellant could be found convincing beyond a reasonable doubt, *Crawley v. United States*, D.C.App., 320 A.2d 209, 311 (1974), even considering the 18–month time lapse between the offense and the positive identification of appellant at a lineup. *See Smith v. United States*, D.C.App., 343 A.2d 40, 42 (1975).

■ Appellant's next contention, that the trial court erred in not dismissing the indictment because the government's intentional delay of 18 months between the offense and appellant's indictment prejudiced his defense, is equally without merit. The prejudice claimed is that he was unable to reconstruct his activities on the day of the offense. The Supreme Court recently dealt definitively with the problem of pre-indictment delay in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977). *Lovasco* upheld a pre-indictment delay of more than 18 months during which time little additional information was obtained by the government. The Court noted that while proof of prejudice makes a due process claim ripe for adjudication, it does not automatically validate such a claim and the reasons for the delay must also be considered. *See United States v. Lovasco, supra*, 431 U.S. at 790, 97 S.Ct. at 2049, 52 L.Ed.2d at 759. The reason for the delay in the instant case was the attempt by the government to determine whether it might use appellant as a witness against Hall, a reasonable use of prosecutorial discretion; it was not to gain a tactical advantage over appellant. Moreover, the fact that Hall was arrested within one month of the offense and that appellant himself was contacted by the government several times prior to his indictment suggests that he was clearly on notice that he was accused in the case and that he was aware at an early point after the offense that he would need an explanation of his whereabouts on the day of the offense. Thus, his claim of fading memory properly received little credit by the trial court.

Investigative delay is fundamentally unlike delay undertaken by the government solely to gain tactical advantage over the accused. Moreover, there is no constitutional requirement that charges must be filed after there is sufficient evidence to prove guilt but before an investigation is complete. An immediate arrest or indictment might impair the prosecutor's ability to continue the investigation or obtain additional indictments; would pressure prosecutors into resolving doubtful cases in favor of early (and possibly unwarranted) prosecutions; and would preclude full consideration of the desirability of not prosecuting in particular cases. *See United States v. Lovasco, supra*, 431 U.S. at 793, 97 S.Ct. at 2050–51, 52 L.Ed.2d at 761–62. In view of these considerations, we find appellant's second contention to be without merit.

Accordingly, the judgment of conviction is

*Affirmed.*