Thomas B. **PENNEWELL**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18962.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 13, 1965.

Decided Nov. 9, 1965.

Mr. Alfred Burka, Bethesda, Md. (appointed by this court) for appellant.

Mr. John A. Terry, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty. at the time the brief was filed, and Mr. Frank Q. Nebeker and Mr. Barry Sidman, Asst. U. S. Attys., at the time the brief was filed, were on the brief, for appellee.

Before FAHY, WASHINGTON and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge.

This is an appeal from a conviction of false pretenses, 22 D.C.Code § 1301. Appellant's contentions, for the most part, relate to minor excesses in the prosecutor's argument to the jury, which either were not objected to or were promptly corrected by the District Judge. The one point which merits comment relates to the fact that the prosecutor in argument to the jury twice referred to defendant's failure to produce as a witness one Schuman, who had been closely connected with the transactions giving rise to the

charges against defendant. A subpoena duces tecum for Schuman had been issued by defendant, though not until six days before trial; Schuman was not served and did not appear at trial.

The time-honored statement of the applicable rule permits comment on missing witnesses "if a party has it peculiarly within his power to produce witnesses whose testimony would elucidate the transaction." [1] This court has previously drawn the corollary that no presumption arises from failure of defendant to call a witness if the witness "is equally available to the Government and is in a legal sense a stranger to the accused." [2] The Government contends that the correct doctrine makes it permissible at least for the prosecutor to comment on the failure of a party, here the defendant, to call a witness available to both sides, citing Judge Learned Hand's opinion in United States v. Cotter, 60 F.2d 689, 692 (2d Cir. 1932).

The Government's theory of the case was that Schuman played the role of a "front-man" for defendant in perpetrating the fraud, while the defendant's position was based on the contention that the fraud, if any, was committed by Schuman rather than himself. In these circumstances no inference can fairly be drawn against defendant from his failure to call Schuman to the stand to incriminate himself. In a case like this, where it cannot reasonably be supposed or inferred that the missing witness would have supported the defendant's account, even if true, we do not think there is any legitimate basis for comment on defendant's failure to call the missing witness.

The prosecutor's references to defendant's failure to produce Schuman, then, were improper. But the effect of the remarks can not be said to have been prejudicial in the circumstances of the case. It is doubtful whether the prosecutor would have been successful in beguiling the jury into drawing an inference hostile to defendant since defendant's testimony so clearly highlighted the divergence of interest between him and the missing Schuman. Any prejudice to defendant was dispelled by the fact that when defendant's counsel objected to the prosecutor's second reference to the missing witness, the District Judge promptly instructed the jury to disregard the prosecutor's remarks. [3] The Judge's charge contained no reference to the missing witness.

None of the other contentions of appellant with respect to the prosecutor's closing argument has merit. The prosecutor, while not as dispassionate as he should have been, did not unduly prejudice appellant by his remarks, and the record viewed in its entirety does not support appellant's claim of an unfair trial.

Appellant also contends, relying on Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), that it was error to admit the testimony of a police detective, Sergeant Gerber, concerning a conversation he had with appellant, because Sergeant Gerber failed to advise the appellant of his rights to remain silent and consult counsel. The conversation took place on December 28, 1963, before arrest or indictment, at a time when the police were investigating appellant and the work he was doing in connection with the complaint of fraudu-

1. Graves v. United States, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893); Milton v. United States, 71 App.D.C. 394, 397, 110 F.2d 556, 559 (1940); Illinois Terminal R. Co. v. Friedman, 210 F.2d 229, 231 (8th Cir. 1954).

2. Milton v. United States, 71 App.D.C. 394, 397, 110 F.2d 556, 559 (1940), and cases cited. See also Manual on Uniform Jury Instructions in Federal Criminal

Case § 6.17, 33 F.R.D. 601 (1963), and cases cited.

3. The Judge considered that the witness was not available to defendant in view of defendant's unsuccessful attempt to subpoena him. The Government argued to us that the availability of the witness was not negated by the eleventh hour subpoena.

872

lent transactions.[4] The statements made were not confessions but explanations, under a denial of wrong-doing, that the jury may well have found to indicate guilt in the light of the subsequent rejection of appellant's assertions by experts who were consulted.

 *Escobedo* plainly does not require counsel in a case like this where non-coercive questioning was carried on in the course of a routine police investigation prior to arrest, or the establishment of probable cause for an arrest, and the police had not moved from "investigation" into the possible existence of a crime to a purposeful interrogation of appellant, as the accused, to "get him" to confess his guilt or make incriminating statements, Escobedo v. State of Illinois, supra, at 485, 84 S.Ct. 1758.

Affirmed.

Burger, Circuit Judge, dissented.

---

4. We pass by appellant's argument based on the alleged failure of Sergeant Gerber to identify himself, without ruling that this was in any way requisite, since Sergeant Gerber's testimony, as well as

the circumstances and nature of the conversation, indicate that he did identify himself, and there is nothing in the record to the contrary.