JIMMY SUGGS a/k/a JIMMY LEE SUGGS *v.* STATE OF MARYLAND

[No. 156, September Term, 1968.]

*Decided March 6, 1969.*

*Thomas V. Miller, Jr.,* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Robert J. Woods, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was found guilty of armed robbery by a jury in the Circuit Court for Prince George's County on March 14, 1968 and was thereafter sentenced by the court to twenty years

under the jurisdiction of the Department of Correction. His principal contention on this appeal is that he was denied due process of law by reason of the prosecutor's improper reference to a prior conviction for armed robbery which, at the time of the trial, was pending on appeal, and which subsequently was reversed by the United States Court of Appeals for the District of Columbia in *Suggs v. United States,* 401 F. 2d 387, decided May 2, 1968.

A brief summary of the evidence will suffice for purposes of this appeal. On January 19, 1967 at approximately 4:00 or 4:30 p.m., Winnie's Corporation in Brentwood, Maryland was robbed at gun point of $5,100 by two masked men who made their escape in an automobile driven by a confederate. The car was pursued by the police and eventually crashed. The appellant was apprehended by the police running from the scene and was observed by one of the officers to discard a mask. Appellant was identified as the driver of the getaway car by one witness, and another witness identified him as being one of the masked holdup men. A witness on behalf of the appellant, who lived in the area where the arrest was made, testified that appellant was with him at his home between 2:00 and 4:30 p.m. on the day of the robbery and that he had left when he heard police sirens. The appellant testified that he was with this witness at his home at the stated time and when he heard gun shots and sirens, went to investigate, at which time he was arrested by the police. He denied any involvement in the crime and particularly denied that he discarded a mask at the time he was arrested.

Upon cross-examination of the appellant, the State's Attorney was permitted to inquire over appellant's vigorous objection as to whether he had been convicted of armed robbery in the District of Columbia in March of 1967. Appellant's objection to this question was on the ground that the conviction was not final in that it was then pending on appeal and that, under such circumstances, it would be a denial of procedural due process to introduce it in evidence. The court overruled the appellant's objection and admitted the prior conviction for armed robbery. As heretofore indicated, the conviction was reversed on May 2, 1968 on the ground that a statement made

by Suggs to the police was erroneously admitted in evidence against him in violation of *Miranda v. Arizona,* 384 U. S. 436.

I

It appears to be the majority rule that it is permissible to attack the credibility of a witness by showing the fact of a previous criminal conviction even though an appeal therefrom is then pending. The rule is bottomed upon the premise that unless and until the judgment of the trial court is reversed, the defendant stands convicted and may properly be questioned regarding that conviction. The cases are collected in an Annotation at 16 A.L.R.3d 726-738. See *Newman v. United States,* 331 F. 2d 968 (8th Cir.) ; *United States v. Owens,* 271 F. 2d 425 (2d Cir.) ; *Bloch v. United States,* 226 F. 2d 185 (9th Cir.) ; *United States v. Empire Packing Co.,* 174 F. 2d 16 (7th Cir.) ; *Latikos v. State,* 88 So. 47 (Ala.) ; *State v. Johnson,* 406 P. 2d 403 (Ariz.) ; *People v. Braun,* 92 P. 2d 402 (Cal.) ; *Gonzales v. State,* 97 So. 2d 127 (Fla.) ; *People v. Spears,* 226 N.E.2d 67 (Ill.) ; *Dickson v. Yates,* 188 N. W. 948 (Iowa) ; *James v. State,* 78 P. 2d 708 (Okla.) ; *Shaffer v. State,* 244 N. W. 921 (Neb.) ; *In re Abrams,* 173 N. E. 312 (Ohio) ; *McGee v. State,* 332 S.W.2d 507 (Tenn.) ; *State v. Crawford,* 206 P. 717 (Utah) ; *State v. Martin,* 30 P. 2d 660 (Wash.).

The eliciting of impeaching evidence that a witness had previously suffered a conviction from which an appeal was pending has been held proper even where, as here, the appeal subsequently resulted in the reversal of the previous conviction. See *Latikos v. State, supra; People v. Braun, supra; In re Abrams, supra; State v. Crawford, supra.* In *Manning v. State,* 123 P. 1029, a case upholding the use of a conviction pending appeal despite its subsequent reversal on appeal, it was indicated that where a witness had been tried for a felony, and the case submitted to a jury which found from the evidence that he was guilty, this fact could in any event be shown in evidence for the purpose of affecting his credibility since the law presumes that the jury, as an intelligent and impartial body, would not find the accused guilty upon mere suspicion or accusation. The *Manning* court, in concluding that the prior conviction was properly admissible, held that it was the verdict of the jury

upon such an accusation that affects the credibility of the witness (without regard to the subsequent reversal of the conviction).

A minority of jurisdictions have reached a contrary conclusion, reasoning that a conviction from which an appeal is pending is not final and may not be introduced in evidence for the purpose of attacking the credibility of a witness. See *Fenwick v. United States,* 252 F. 2d 124 (D.C.Cir.) ; *Campbell v. United States,* 176 F. 2d 45 (D.C.Cir.) ; *State v. Blevens,* 425 S.W.2d 155 (Mo.) ; *Adkins v. Commonwealth,* 309 S.W.2d 165 (Ky.) ; *Ringer v. State,* 129 S.W.2d 654 (Tex.). These cases purport to recognize that if the judgment of conviction is reversed on appeal, the defendant may have been irreparably prejudiced by disclosure of the former conviction.

In *Burgett v. Texas,* 389 U. S. 109, the Supreme Court held that to permit a conviction obtained in violation of an accused's right to counsel under *Gideon v. Wainwright,* 372 U. S. 335, to be used against him either to support guilt or enhance punishment for another offense would be to unlawfully erode the principle of that case. It clearly appeared from the face of the record of the prior conviction in *Burgett* that the defendant had not been represented by counsel, nor had he waived his right to counsel. Under these circumstances, the court concluded, in effect, that the prior conviction was presumptively void and thus could not be shown in evidence.

In *People v. Coffey,* 430 P. 2d 15, 25, the Supreme Court of California held that the use of a constitutionally invalid prior conviction to impeach testimonial credibility is improper since "the utilization of such a conviction, at the trial of a subsequent offense, for any purpose leading to a conviction for such subsequent offense, is violative of the due process clause of the Fourteenth Amendment," where not harmless.

Like *Burgett, Coffey* involved use of a prior conviction to enhance punishment, it appearing from the face of the record that the prior conviction was secured in violation of the strictures of *Gideon v. Wainwright, supra.* See also *Brown v. State,* 4 Md. App. 623.

It is clear from the holding in *Suggs v. United States, supra,*

that appellant's prior conviction was unconstitutionally obtained in violation of his Fifth Amendment right against self-incrimination. It is equally plain that appellant's credibility as a witness was vitally important to his defense, since his denial of complicity in the crime was contradicted by two witnesses who testified flatly that he was one of the holdup men. Under the circumstances of this case, we think that the evidence of the prior conviction carried such force that it can in no event be deemed as harmless to appellant's defense. But unlike *Burgett* and *Coffey,* appellant's prior conviction was not presumptively void on its face, but to the contrary was presumptively valid.

In Maryland, evidence of the accused's "previous conviction" of crime need not be restricted to infamous crimes or those involving moral turpitude, provided the violation of law may have some tendency to show that the person charged is not to be believed under oath. *Cousins v. State,* 230 Md. 2 and cases there cited. And by the provisions of Maryland Code, Article 35, Section 10, it is permissible to show "the conviction" of any witness of any infamous crime. Nothing in the Maryland cases or in the cited statute provides any insight into the question of whether, within their meaning, a "previous conviction" contemplates a final judgment of conviction—final by reason of affirmance on appeal or by lapse of time within which an appeal may be taken—or only a trial court judgment and sentence, irrespective of whether a motion for a new trial or appeal is pending. See *State v. Blevins, supra.*

In light of the authorities herein cited and recognizing the fact that impeaching evidence can have the utmost impact upon the jury in its resolution of close questions of credibility, we conclude, in line with the majority of jurisdictions in this country, that it is not error to permit an attack upon the credibility of a witness by showing the fact of previous criminal conviction, even over objection that an appeal therefrom remains pending. We further hold that where, as here, the prior conviction was not presumptively void at the time of its introduction in evidence, it does not constitute reversible error for the state to utilize it for impeachment purposes even though the prior conviction is subsequently reversed on appeal.

## II

Nor do we find any merit in appellant's contention that he was denied his constitutional right to a speedy trial. We find from the evidence that appellant was represented by retained counsel shortly after his arrest; that he was afforded a trial a few months thereafter but failed to appear; that the trial was rescheduled some eight months later at which time a continuance was granted in order to permit appellant to employ new counsel; that several months thereafter, appellant having failed to employ new counsel, the court appointed counsel to represent him; that on March 7, 1968, just prior to trial, a motion to dismiss the indictment was filed, claiming the denial of appellant's right to a speedy trial; and that the motion was denied, and trial was held on March 13-14, 1968. On these facts, we find no merit to appellant's contention. See *Stevenson v. State,* 4 Md. App. 1; *West v. State,* 3 Md. App. 662; *Frazier v. State,* 3 Md. App. 470; *State v. Long and Nelson,* 1 Md. App. 326.

## III

Finally, appellant contends that while his trial counsel represented him in most competent fashion at the trial, he was nevertheless denied the effective assistance of counsel for his defense because counsel was not appointed to represent him until some eleven months after his arrest. As heretofore indicated, retained counsel entered his appearance on appellant's behalf almost immediately after his arrest and there is nothing in the record to indicate, as appellant now contends, that such counsel was retained solely for the purpose of obtaining his release on bail. There being no showing that the State's Attorney or the court understood that retained counsel was functioning in such a limited capacity, we think that the contention is wholly without merit.

*Judgment affirmed.*