**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry Earl ALLEN, Defendant-Appellant.**

No. 71–1193.

United States Court of Appeals,
Ninth Circuit.

April 12, 1972.

Thomas R. Owens (argued), Oakland, Cal., for appellant.

Michael L. Morehouse, Asst. U. S. Atty. (argued), Charles H. Turner, Asst. U. S. Atty., Portland, Or., for appellee.

Before WRIGHT and CHOY, Circuit Judges, and CROCKER,* District Judge.

CROCKER, District Judge:

On May 12, 1970, appellant was convicted by jury trial of two counts for violation of Title 21 U.S.C. § 174 (receiving, concealing and facilitating transportation and concealment of a narcotic drug, to wit: heroin), and two counts for violation of Title 21 U.S.C. § 4704(a) (purchasing a narcotic drug, to wit: heroin). He was sentenced to six years on each of the four counts, said sentences to run concurrently.

On appeal, we are asked to determine first, whether the judge in charging the jury as to the statutory inferences contained in § 174 committed prejudicial error when he allegedly took judicial notice of an "official investigation" report concerning importation of heroin; secondly, whether error was committed when ruling that appellant's veracity as a witness could be impeached by the introduction of a prior felony conviction which was pending an appeal.

Appellant contends that the court in charging the jury took judicial notice of an "official investigation" which in essence concludes that possession of heroin in the United States implies illegal importation because heroin is not made or the derivatives grown here. Consequently, this violated Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L. Ed.2d 610 (1970), which states that the § 174 inference (guilt by possession) is a rebuttable presumption—not conclusive.

A reading of the instruction given shows that no judicial notice was taken by the trial court.[1] Although the instruction makes reference to an "official investigation" the question of importation was not taken from the jury as ap-

---

* Honorable M. D. Crocker, United States District Judge, Eastern District of California, sitting by designation.

1. The essential part of the instruction given by the trial judge is a follows:
  "Under the law, if you are satisfied beyond a reasonable doubt that the defendant had possession of the heroin as charged in Counts I and IV of the indictment, *you may* infer that this heroin was unlawfully imported into the country and that the defendant knew this fact. You may draw these inferences based upon the findings from a recent official investigation which determined that all heroin found in the United States has been illegally imported into the country because heroin is not produced in this country, and also because it is illegal to import heroin or the products from which heroin is derived.
  With respect to the question of whether the defendant had knowledge of the illegal importation of heroin described in Counts I and IV, you may infer as reasonable men and women that one who unexplainedly possesses and deals in heroin would likely to be aware of its source or at least would know that it was smuggled into the country from somewhere outside of the country. While you may draw the inference that the heroin described in Counts I and IV of the indictment was unlawfully imported into the country and that the defendant knew this fact based upon the findings of the recent official investigation and from the rational inference of the defendant's knowledge based upon the fact of his possession, *you are not required to accept either an official finding or to draw the inferences.* It remains the obligation of the Government to prove each of the elements comprising the crimes charged in Counts I and IV beyond a reasonable doubt." (Emphasis added) (R.T. 93–94).

pellant contends. Instead, the judge clearly charged that the jury could either accept or reject the inference.

United States v. Crespo, 422 F.2d 718, at 721 (2d Cir. 1970), cert. denied 398 U.S. 914, 90 S.Ct. 1716, 26 L.Ed.2d 77, sets out the applicable standard when dealing with inferences:

> "To avoid any misunderstanding on the jury's part that it is somehow bound by the statutorily prescribed inferences unless they hear countervailing evidence, the wiser practice is to spell out expressly that the jury is not only authorized to infer the elements in question but is authorized also *not* to infer such elements."

Appellant argues that the recent Ninth Circuit case of United States v. Bagby, 451 F.2d 920 (1971), rejected the *Crespo* rationale when this court overturned a § 174 conviction due to the trial judge's instruction concerning "the legislative fact-finding on which the § 174 presumption rests." (*Bagby*, at page 928).

*Bagby* is distinguishable from the case at hand. Our main reason for reversal in *Bagby* is set out at page 927:

> "Finally, we find the instructions so confusing and so clearly erroneous as to amount to plain error under Rule 52(b), F.R.Crim.P."

No such confusion exists in this case.

Appellant's reliance on *Bagby* is misplaced. It was there said:

> "The court may not instruct the jury that all heroin is imported. Any discussion of the likelihood that the heroin involved was imported should make it clear that the court is only stating reasons why the inference is a reasonable one, but that the jury is still free not to draw the inference. Cf. Turner v. United States, supra,

396 U.S. at 406, 90 S.Ct. 642." Bagby at 929.

■ The instruction here complained of was clear in that it did not take from the jury the right to make the ultimate determination whether or not the drug was imported. The jury was not required, as in *Bagby*, to draw any inference, but only permitted to. And, as suggested in *Bagby*, the court did make it clear (by referring to recent official investigations) why the inference is a reasonable one.

Finally, appellant argues that it was error for the district court to rule that he would admit evidence of appellant's prior felony conviction, which was pending on appeal, if he took the stand and testified.

■ It is the majority view and the law in this circuit that until the judgment of the lower court is reversed, the conviction will stand and the defendant may be questioned regarding that conviction for purposes of impeachment. United States v. Griffin, 434 F.2d 978 (9th Cir. 1971), cert. denied Sub Nom. Andrews v. United States, 402 U.S. 995, 91 S.Ct. 2170, 29 L.Ed. 160 (1971); Bloch v. United States, 226 F.2d 185 (9th Cir. 1955), cert. denied 350 U.S. 948, 76 S.Ct. 323, 100 L.Ed. 826 (1956); United States v. Empire Packing Co., 174 F.2d 16 (7th Cir. 1949), cert. denied 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949).

■ There must be a point in time when a judgment becomes final. The better view favors early finality. Thus once rendered by the trial court, the judgment is final rather than being held in a state of suspension pending the outcome of an appeal.

For the above reasons we conclude that no error was committed in the trial court, and the conviction is therefore affirmed.