529 P.2d 215

The STATE of Arizona, Appellant,

v.

Harry Earl KISER, Appellee.

No. 2718–2.

Supreme Court of Arizona,
In Banc.

Dec. 13, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., Phoenix, Dennis DeConcini, Pima County Atty., by Stephen M. Weiss, Grove M. Callison, and William L. Scholl, Deputy County Attys., Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by Robert E. Lundquist, Tucson, for appellee.

CAMERON, Vice Chief Justice.

This is an appeal from an order of the Superior Court granting defendant Harry Earl Kiser's motion for a new trial.

We must answer only one question on appeal and that is: When a defendant takes the stand and testifies and is impeached by a prior felony conviction which prior conviction is on appeal and that prior felony conviction is later reversed by the appellate court and the matter later dismissed, may the defendant be granted a new trial.

The facts necessary for a determination of this matter on appeal are as follows. Defendant was charged with unlawful sale of narcotics in violation of § 36–1002.02 A.R.S. He entered a plea of not guilty. At the trial before a jury he interposed an entrapment defense. He took the stand and testified in his own behalf. The prosecutor attempted to impeach his credibility by showing the prior felony conviction of assault with a deadly weapon. This prior judgment was at the time of the trial on appeal to this court. On 10 January 1973 the defendant was convicted of unlawful sale of narcotics as charged.

This court, on 28 May 1973, in the case of State v. Kaiser (sic), 109 Ariz. 244, 508 P.2d 74 (1973), reversed the defendant's prior felony conviction and remanded the matter "to the Superior Court for further proceedings consistent with this opinion." The trial court subsequently dismissed,

wiping out any prior felony conviction. Defendant then moved for a new trial based on the grounds that the use of the prior but reversed felony conviction to impeach him resulted in substantial prejudice and denial of his right to a fair trial. On 23 October 1973 the trial court granted defendant's motion for a new trial and the State appealed. § 13–1712(2), as amended, A.R.S.

■ This court has held that a witness may be impeached by the showing of a prior felony conviction, State v. Sorrell, 85 Ariz. 173, 333 P.2d 1081 (1959), and this is true even though the prior felony conviction relied upon is on appeal at the time of the impeachment. In other words, a conviction even though on appeal is a complete and final conviction for purposes of impeachment:

"While there are some jurisdictions to the contrary, (footnote omitted) the majority of states (footnote omitted) and Federal Jurisdictions (footnote omitted) which have considered this issue have concluded that a conviction is a verity until set aside, and thus permissible to be considered by the trier of facts as destructive of the witness' credibility. We believe the majority rule is sound. * * *" State v. Johnson, 99 Ariz. 52, 54, 406 P.2d 403, 404, 16 A.L.R.3d 723 (1965).

And the 9th Circuit Court has stated:

"It is the majority view and the law in this circuit that until the judgment of the lower court is reversed, the conviction will stand and the defendant may be questioned regarding that conviction for purposes of impeachment. (citations omitted)

"There must be a point in time when a judgment becomes final. The better view favors early finality. Thus once rendered by the trial court, the judgment is final rather than being held in a state of suspension pending the outcome of an appeal." United States v. Allen, 457 F.2d 1361, 1363 (9th Cir. 1972).

■ The prosecutor then may use a judgment on appeal for impeachment purposes. This is not a privilege which is without some risk, however. Should the prior felony conviction be reversed on appeal or as in this case completely dismissed, there is no longer a prior judgment of conviction. It is as if the prior felony conviction had never occurred, and while conceivably there might be cases in which the evidence of guilt is so overwhelming that the doctrine of harmless error might apply, we cannot perceive of a fact situation wherein a defense of entrapment is interposed that knowledge by the jury of defendant's prior felony conviction would not be prejudicial and harmful. In the instant case, knowledge of a defendant's prior felony conviction by the jury was surely most damaging and one that could not be adequately explained away. State v. Reeden, 106 Ariz. 409, 477 P.2d 240 (1970).

■ We hold that while the prosecutor may use a prior felony conviction which is on appeal to impeach a defendant who takes the stand, the prosecutor does so at his own risk. If the prior felony conviction should be reversed on appeal and no new trial held, then the trial court has no other alternative but to grant a new trial.

In holding as we do, we do not imply that wherein a matter is on appeal and remanded for new trial that the prior felony conviction is nullified. In that event the defendant may have to await a determination of innocence before his motion for new trial may be favorably considered.

■ Neither do we hold that when a defendant is released from custody by the federal court by way of federal habeas corpus that it is a reversal of the prior conviction on the merits. In this we find agreement with the United States Court of Appeals for the 3rd Circuit:

"* * * Although this court has ordered that a writ of habeas corpus issue, such action is not the equivalent of a reversal of a state conviction. Only the Supreme Court has power, on direct appeal, to reverse a state judgment of con-

viction. Federal habeas corpus jurisdiction is based on detention simpliciter. (citations omitted) The jurisprudential effect of the granting of a federal writ is to release relator from custody. It does not have the force and effect of voiding a conviction. * * *" Smith v. Spina, 477 F.2d 1140, 1147 (3rd Cir. 1973).

The order of the trial court granting a new trial in the instant case is affirmed.

HAYS, C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.

LOCKWOOD, J., did not participate in the determination of this matter.