Clara L. HOLT, Appellant,

v.

UNITED STATES, Appellee.

No. 8047.

District of Columbia Court of Appeals.

Submitted May 7, 1975.

Decided June 24, 1975.

Jerry Lee Dier, Silver Spring, Md., appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Timothy J. Reardon, III, Asst. U. S. Attys., were on the brief for appellee.

Before REILLY, Chief Judge, and GALLAGHER and YEAGLEY, Associate Judges.

PER CURIAM:

This case was submitted and determined on the record of the Superior Court, Criminal Division, and the briefs of counsel.

Appellant was charged in a six count indictment with two counts of assaulting a police officer with a dangerous weapon (violations of D.C.Code 1973, § 22–505(b)), two counts of assaulting a police officer (violations of D.C.Code 1973, § 22–505(a)), and two counts of assault with a dangerous weapon (violations of D.C. Code 1973, § 22–502). After a trial by jury she was found guilty of both counts of assault on a police officer and one count of assault with a dangerous weapon. Appellant's sole assignment of error on this appeal is that the failure of the trial court to give a self-defense instruction to the jury resulted in an erroneous conviction on the count of assault with a dangerous weapon. Since appellant does not appear to challenge her convictions on the other two counts (appellant's brief, p. 3), they are sustained. Likewise, because we find no merit to the self-defense issue, the conviction for assault with a dangerous weapon is also affirmed.

The facts of this case show that two uniformed police officers were summoned to the apartment of appellant's mother in response to a disorderly complaint lodged

by her mother. The officers testified that as they arrived, they observed appellant standing outside the apartment kicking at the door and yelling profanities. When they were subsequently let into the apartment appellant burst past them and began "stomping around the house yelling and cursing." Appellant's mother told the officers that she wanted appellant to leave. The officers' verbal attempts to persuade appellant to leave the apartment were rebuffed with more angry curse-filled refusals by appellant. The officers said they then attempted to restrain appellant but that she resisted violently, breaking away at times. Finally they subdued her and placed her under formal arrest. According to the officers, appellant broke away soon afterwards and ran into the kitchen where she grabbed a knife and advanced on them. When they drew their guns the appellant retreated. After one officer went to summon help, appellant advanced on the remaining officer necessitating the drawing of his gun again. Appellant was finally subdued when the police reinforcements arrived. Enroute to the precinct, one of the officers testified that appellant admitted that "she broke free, ran into the kitchen and came back with a knife," and that she would have killed the officer without "any regrets about it at all."

At trial, appellant disputed these facts and sought to prove through several witnesses that she had neither attacked the officers nor resisted them physically or threatened them verbally. She denied making any statements to the police. In addition, she contended that it was she who had in fact been attacked by the officers and that she had neither bit, scratched, bitten, kicked, nor threatened either officer with a knife. In short, her defense was one of complete denial to any assault. No evidence was offered to show that she acted in self-defense since she denied having acted at all.

 An instruction is required only when there is sufficient evidence presented

to support its relevant contentions. *Bailey v. District of Columbia,* D.C.App., 281 A. 2d 440, 442 (1971). Here there was insufficient evidence offered by appellant relating to self-defense to allow the instruction to be given. Thus the trial court correctly refused to give the instruction. As the court said:

> This defendant contends that she picked up a knife and went out the back door. . . . [N]owhere in the testimony is there any evidence supporting a theory that this defendant used a knife to defend herself against some excessive force being used by the officers. . . . There is just not that evidence in the case.

Accordingly, we hold that on this record it was not error for the trial court to refuse to give the instruction. *Trapps v. United States,* D.C.Mun.App., 137 A.2d 719 (1958).

*Affirmed.*