**William G. HALE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 8900.

District of Columbia Court of Appeals.

Argued Jan. 6, 1976.

Decided July 23, 1976.

Frederick J. Sullivan, Washington, D. C., appointed by this court, for appellant.

John L. Kern, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, Stuart M. Gerson and Peter A. Chapin, Asst. U. S. Attys., were on the brief, for appellee. Jason D. Kogan, Asst. U. S. Atty., Washington, D.C., also entered an appearance for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

FICKLING, Associate Judge:

Appellant was convicted after a jury trial of assault with a dangerous weapon (D.C.Code 1973, § 22–502) and carrying a pistol without a license (D.C.Code 1973, § 22–3204). This appeal raises five alleged errors which appellant argues require reversal of his conviction: (1) impeachment of appellant on cross-examination with a robbery conviction which had been reversed on appeal, (2) the prosecutor's reference in his summation to appellant's convictions for "various crimes," (3) the trial court's rendition of the missing witness instruction, (4) the trial court's refusal to instruct on self-defense, and (5) selection of a new jury from the same panel as the original jury after a mistrial had been declared. We affirm.

Appellant's first trial began on June 24, 1974. After a jury had been sworn, but before the first witness was called, a mistrial was declared. A new jury was selected from the same panel as the original jury, and appellant was retried on June 24 and 25.

At his second trial, appellant took the stand and denied that he had shot the complainant. He testified that his girl friend, Brenda Johnson, had committed the offense. Although Ms. Johnson had testified before the grand jury, she did not testify at trial. On cross-examination, appellant was impeached with evidence of prior convictions for robbery (D.C.Code 1973, § 22–2901) and possession of narcotics (D.C.Code 1973, § 33–402), despite the fact that appellant's robbery conviction had been reversed.[1] The prosecutor referred in closing argument to the fact that appellant had been convicted of "various crimes" in arguing that appellant's testimony could not be believed.

At the end of closing argument, the trial court granted the prosecutor's request for a missing witness instruction as to Ms. Johnson, but refused to instruct the jury on self-defense as requested by appellant, because there was no evidence to support appellant's theory of self-defense.

Appellant initially contends that the trial court committed reversible error in denying his motion for a mistrial based upon appellant's impeachment with a prior robbery conviction which had been reversed on appeal. D.C.Code 1973, § 14–305, authorizes the use of prior convictions for purposes of impeachment. Subsection (d) provides:

> The pendency of an appeal from a conviction does not render evidence of that conviction inadmissible under this

---

1. Appellant's robbery conviction was reversed by the United States Court of Appeals for the District of Columbia Circuit on May 21, 1974, more than a month prior to trial in the instant case. *United States v. Anderson et al.,* 162 U.S.App.D.C. 305, 498 F.2d 1038 (1974). At the time of trial, the United States Court of Appeals had granted the government's motion to extend the time for filing a petition for rehearing and suggestion for rehearing en banc to June 25, 1974, the last day of appellant's trial. On August 1, 1974, one week after appellant's trial on these charges, the government's petition for rehearing and suggestion for rehearing en banc was denied. *Id.* at 321, 498 F.2d at 1054. On December 9, 1974, the government's petition to the Supreme Court for a writ of certiorari was granted, *United States v. Hale,* 419 U.S. 1045, 95 S. Ct. 616, 42 L.Ed.2d 639 (1974), and the Supreme Court subsequently upheld the decision of the Court of Appeals reversing appellant's conviction. *United States v. Hale,* 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975).

section. Evidence of the pendency of such an appeal is admissible.

It is appellant's position that the appeal from his prior conviction for robbery was not pending within the meaning of § 14–305(d), since the decision of the United States Court of Appeals reversing his robbery conviction had been issued, although the mandate vacating the judgment of conviction had not been issued to the trial court.

Prior to the enactment of § 14–305(d) pursuant to the District of Columbia Court Reform and Criminal Procedure Act of 1970,[2] the District of Columbia Circuit, construing § 14–305, prohibited impeachment of a witness with a prior conviction if the time for appeal had not expired or if the appeal from his prior conviction was still pending. *Fenwick v. United States,* 102 U.S.App.D.C. 212, 252 F.2d 124 (1958); *Beasley v. United States,* 94 U.S.App.D.C. 406, 218 F.2d 366 (1954), *cert. denied,* 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955); *Campbell v. United States,* 85 U.S.App.D.C. 133, 176 F.2d 45 (1949); *cf. United States v. Henson,* 159 U.S.App.D.C. 32, 486 F.2d 1292 (1973) (en banc).

> [I]t seems to us wholly illogical and unfair to permit a defendant to be interrogated about a previous conviction from which an appeal is pending. If the judgment of conviction is later reversed, the defendant has suffered, unjustly and irreparably, the prejudice, if any, caused by the disclosure of the former conviction. . . . [*Campbell v. United States, supra,* 85 U.S.App.D.C. at 135, 176 F.2d at 47.]

Accordingly, prior to amendment of the statute, a witness could be impeached only by a "final" conviction.

Other circuits adopted a contrary position favoring admission of evidence of a prior conviction for impeachment purposes, notwithstanding the fact that an appeal was pending from the conviction.[3] *United States v. Cisneros,* 491 F.2d 1068 (5th Cir. 1974); *United States v. Allen,* 457 F.2d 1361 (9th Cir.), *cert. denied,* 409 U.S. 869, 93 S.Ct. 195, 34 L.Ed.2d 119 (1972); *United States v. Escobedo,* 430 F.2d 14 (7th Cir. 1970), *cert. denied,* 402 U.S. 951, 91 S.Ct. 1632, 29 L.Ed.2d 122 (1971). The rule was based upon the premise that the conviction extinguished the presumption of innocence and that the judgment of conviction constituted a final determination until such time as it was set aside. Thus, in *United States v. Empire Packing Co.,* 174 F.2d 16 (7th Cir.), *cert. denied,* 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed. 1758 (1949), the court held that impeachment of a witness with a prior conviction is permissible as long as the conviction is then pending and undecided. In so ruling, the court said:

> Unless and until the judgment of the trial court is reversed, the defendant stands convicted and may properly be questioned regarding said conviction solely for the purpose of testing credibility. [*Id.* at 20.]

This passage strongly suggests that after the conviction has been reversed, it cannot thereafter be used for purposes of impeachment. Moreover, the foregoing cases permit impeachment with a prior conviction pending appeal only "unless and until" the conviction is subsequently reversed on appeal. The logical implication

---

2. Pub.L. No. 91–358, § 133(a), 84 Stat. 550.

3. The Federal Rules of Evidence, which became effective July 1, 1975, authorize the use of evidence of a prior conviction as a means of attacking the credibility of a witness. Fed. R.Evid. 609. Rule 609(e), which is nearly

identical to D.C.Code 1973, § 14–305(d), provides:

> The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. Evidence of the pendency of an appeal is admissible.

*See United States v. Shaver,* 511 F.2d 933 (4th Cir. 1975).

of these cases is that evidence of a prior conviction is not admissible where the conviction has already been reversed. *See United States v. Williams,* 484 F.2d 428 (8th Cir. 1973).

The legislative history of the Court Reform Act does not disclose the purpose of the amendment, but it seems likely that § 14–305(d) was enacted specifically to abolish the requirement that a witness could be impeached only by a "final" conviction. Although the amended statute allows impeachment with a prior conviction during the pendency of an appeal, it seems unlikely that Congress intended to allow impeachment with a prior conviction which has already been reversed.

■ The majority of state courts which have considered this issue have held that the pendency of an appeal does not preclude the use of a prior conviction for impeachment purposes, even where the conviction was later reversed on appeal. *See* 16 A.L.R.3d 726 (1967); *cf. State v. Kiser,* 111 Ariz. 316, 529 P.2d 215 (1974); *State v. Murray,* 12 Wash.App. 328, 529 P.2d 1152 (1974). *Contra, Adkins v. Commonwealth,* 309 S.W.2d 165 (Ky.Ct.App. 1958); *State v. Blevins,* 425 S.W.2d 155 (Mo.1968); *State v. Blue,* 129 N.J.Super. 8, 322 A.2d 174 (1974). Courts which allow impeachment by a prior conviction pending appeal allow such impeachment only while the conviction is pending and undecided. A conviction which has been reversed at the time of trial may not be introduced for purposes of impeachment. *See Suggs v. State,* 6 Md.App. 231, 250 A.2d 670 (1969); *cf. Thomas v. United States,* 74 App.D.C. 167, 121 F.2d 905 (1941); *People v. Miller,* 27 Ill.App.3d 788, 327 N.E.2d 253 (1975); *State v. Blevins, supra; State v. Hill,* 83 Wash.2d 558, 520 P.2d 618 (1974). The court in *State v. Blevins, supra,* stated:

> It seems perfectly clear that if an appellate court reverses a conviction outright, or reverses and remands the case for a new trial, the original conviction is wiped out and *after the date of the appellate decision* may not be shown for impeachment purposes. . . . [*Id.* at 158; emphasis supplied.]

While we recognize that the "pendency" of an appeal from a prior conviction will not render evidence of that conviction inadmissible for impeachment purposes, we hold that an appeal is not pending within the meaning of § 14–305(d) if the decision of the appellate court reversing the conviction has been published. It would be fundamentally unfair to permit the use of such prior conviction for purposes of impeachment simply because the mandate vacating the conviction had not been issued. The entry of the order vacating the conviction requires nothing more than a ministerial act, which does not go to the merits of the case.[4] The possibility that the decision of the Court of Appeals might have been overturned is not a good reason for allowing appellant to be impeached by a prior conviction which had already been reversed. The evidence of appellant's prior conviction for robbery should have been excluded.

■ Although the trial court erred in admitting evidence of appellant's robbery conviction for purposes of impeachment, the error was unquestionably harmless since the evidence of appellant's guilt was overwhelming[5] and since appellant was also impeached with a prior narcotics conviction (which was properly before the jury). *See Drummond v. United States,*

---

4. Although Rule 41(a) of the Federal Rules of Appellate Procedure provides that "[t]he timely filing of a petition for rehearing will stay the mandate until disposition of the petition," the government's time for filing a petition for rehearing in this case had been extended to the last day of appellant's trial.

5. Appellant was arrested at the scene of the shooting by two Metropolitan Police officers who were on patrol when they heard the shot, and he was immediately identified by the complainant.

350 F.2d 983 (8th Cir. 1965); *Edwards v. United States*, 333 F.2d 588 (8th Cir. 1964).[6]

Appellant next challenges the trial court's instructions to the jury, arguing that the missing witness instruction was improper because the witness Johnson was not peculiarly within the power of appellant to produce. *Graves v. United States*, 150 U.S. 118, 14 S.Ct. 40, 37 L.Ed. 1021 (1893). Since the witness was present at the alleged assault, her testimony clearly could have elucidated the transaction, and the trial court ruled that by virtue of appellant's close relationship with the witness she was peculiarly in his control. *See Graves v. United States, supra; cf. Haynes v. United States*, D.C.App., 318 A.2d 901 (1974). The court also noted that appellant made no showing of his inability to locate the witness.[7]

■ The availability of a witness to any party "must be judged 'practically as well as physically.'" *United States v. Young*, 150 U.S.App.D.C. 98, 106, 463 F.2d 934, 942 (1972), *quoting Stewart v. United States*, 135 U.S.App.D.C. 274, 279, 418 F.2d 1110, 1115 (1969). The court in *Young* also commented that "whether a person is to be regarded as equally available to both sides may depend not only on physical availability but on his 'relationship' to the parties." *Id.* 150 U.S.App.D.C. at 106, 463 F.2d at 942.

■ We conclude that the trial court did not err in giving the missing witness instruction under the facts of this case. Appellant identified the witness as his girl friend, thus establishing a close relationship between the parties. *See United States v. Young, supra; cf. Milton v. United States*, 71 App.D.C. 394, 110 F.2d 556 (1940). Furthermore, appellant's attorney admitted that Ms. Johnson had testified at the grand jury proceeding and had stated there that appellant shot the complainant in self-defense.[8] Hence, the "inference of unfavorable testimony from an absent witness is a natural and reasonable one," *United States v. Young, supra*, 150 U.S.App.D.C. at 107, 463 F.2d at 943; *United States v. Craven*, 147 U.S.App. D.C. 383, 386, 458 F.2d 802, 805 (1972).

■ Having considered appellant's other assertions and finding no error,[9] we affirm.

*So ordered.*

---

6. The prosecutor's reference to "various crimes" committed by appellant was also harmless.

7. The witness evidently had moved to California before trial. The government attempted to subpoena Ms. Johnson approximately one month before trial, but the subpoena was returned without service. Appellant's attorney claimed that his investigator had tried to locate Ms. Johnson on many occasions, but had failed. However, the investigator did not testify. Apparently, appellant did not attempt to subpoena the witness.

8. The fact that the witness had testified under oath before the grand jury eliminates the possibility that she would be "unavailable" by reason of invoking her Fifth Amendment privilege against self-incrimination. *See Bowles v. United States*, 142 U.S.App.D.C. 26, 439 F.2d 536 (1970), *cert. denied*, 401 U.S. 995, 91 S.Ct. 1240, 28 L.Ed.2d 533 (1971); *Pennewell v. United States*, 122 U.S.App.D.C. 332, 353 F.2d 870 (1965). By testifying once about the matter, the witness waived her privilege. *See Ellis v. United States*, 135 U.S. App.D.C. 35, 416 F.2d 791 (1969).

9. There was no evidence offered at trial supporting a self-defense theory since appellant testified that he did not act at all, repudiating his initial admission to the police that he shot the complainant in self-defense. Consequently, there was insufficient evidence presented to support such an instruction and it was properly denied. *See Holt v. United States*, D.C.App., 340 A.2d 827, 828 (1975), *citing Bailey v. District of Columbia*, D.C. App., 281 A.2d 440, 442 (1971). Regarding appellant's claim of jury bias, we conclude that, unlike the situation in *Leonard v. United States*, 378 U.S. 544, 84 S.Ct. 1696, 12 L.Ed. 2d 1028 (1964), the contact of the first jury with the trial was so slight and nonprejudicial that there was little possibility of harm. The trial court's questioning of the second jury, concerning possible prior knowledge about the case, served to eliminate any remaining possibility of bias or prejudice on the part of the jury ultimately trying this case.

KERN, Associate Judge (concurring):

I agree with the majority's affirmance of the conviction but I cannot accept its construction of D.C.Code 1973. § 14–305 (d), which was enacted as a part of the District of Columbia Court Reform and Criminal Procedure Act of 1970. Pub.L. No. 91–358, § 133(a), 84 Stat. 550.

Congress has expressly and unequivocally provided in Section 14–305(d) that "[t]he pendency of an appeal from a conviction does *not* render evidence of that conviction inadmissible . . . ." [Emphasis added.] On the date the government introduced at appellant's trial in the instant case evidence of his prior robbery conviction, an appeal from that robbery conviction was still pending. Accordingly, the trial court's admission of evidence of that prior conviction was in my view not error.

The majority asserts that "[w]hile we recognize that the 'pendency' of an appeal from a prior conviction will not render evidence of that conviction inadmissible for impeachment purposes, we hold that an appeal is not pending within the meaning of § 14–305(d) if the decision of the appellate court reversing the conviction

has been published." (Op. at 215). In my view this holding inserts a qualification into the statute enacted by Congress for which there is no justification.

The majority states (Op. at 215), "It would be fundamentally unfair to permit the use of such prior conviction for purposes of impeachment simply because the mandate vacating the conviction had not been issued." But, with all deference, until the issuance of the mandate the appeal is as a matter of law still pending. It seems to me that Congress has anticipated the situation presented in this case by also providing in § 14–305(d) that "[e]vidence of the pendency of such an appeal [from the conviction sought to be used at trial for impeachment] is admissible." Hence, appellant had the opportunity under this statute to present to the jury at trial all the facts concerning the status of the appeal of his prior robbery conviction so that the issuance of the opinion by the three-judge panel would have been brought to the attention of the jurors.[1]

I would affirm for the reason that the trial court correctly permitted the prior conviction to be received.

---

1. I note that appellant's trial counsel was aware of the appellate status of his client's prior robbery conviction and apparently chose as a tactical matter to say nothing at all to the jury.