THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAVADA WOOLLUMS, Defendant-Appellant.
Fourth District   No. 4—85—0363

Opinion filed May 21, 1986.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones-Stewart, Solicitor General, and Mark L. Rotert and Judith H. Schlessinger, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:
Defendant appeals from an order of the circuit court of Brown County which denied the prayer of his post-conviction petition. He had been tried by a jury in Brown County for the offense of murder, found guilty, and sentenced to a term of 25 to 75 years. The judgment and sentence were affirmed on direct appeal to this court. *People v. Woollums* (1981), 93 Ill. App. 3d 144, 416 N.E.2d 725.

Thereafter, the instant petition was filed *pro se* by defendant. (At least one other such petition was voluntarily dismissed by defendant in

this court.) The trial court ordered the petition docketed, counsel was appointed for defendant, and the State filed a motion to dismiss. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(b).) Argument was taken on the motion and by written order the trial court allowed the motion and dismissed the petition. This appeal followed.

The gist of the petition concerned the use of a prior conviction of defendant for aggravated battery. It had been obtained in the circuit court of Adams County in 1977 but was reversed by the United States Circuit Court of Appeals for the Seventh Circuit on double jeopardy grounds. (*United States ex rel. Woollums v. Greer* (7th Cir. 1984), 728 F.2d 918.) The conviction was introduced at trial on direct examination of defendant, apparently in anticipation of its use by the State for purposes of impeachment. It was further considered by the trial judge in fixing defendant's sentence.

Defendant raises three issues on appeal: (1) that he was denied due process at trial by use of the reversed conviction and hence is entitled to a new trial; (2) that he is entitled to a new sentencing hearing because of the use of the reversed conviction by the trial judge in fixing sentence; and (3) that he was denied effective assistance of counsel at the post-conviction hearing because of counsel's failure to file the certificate required by Supreme Court Rule 651(c). 103 Ill. 2d R. 651(c).

■ We do not believe that defendant is entitled to a new trial; we do believe that he is entitled to a new sentencing hearing; and our latter finding moots the third issue.

The use of a conviction obtained in violation of a constitutional right is controlled by the Supreme Court's decision in *Loper v. Beto* (1972), 405 U.S. 473, 31 L. Ed. 2d 374, 92 S. Ct. 1014. *Loper* was adopted by our own supreme court in the recent decision of *People v. Martin-Trigona* (1986), 111 Ill. 2d 295, 489 N.E.2d 1356. The core of the *Loper* decision is that convictions obtained in violation of a constitutional right cannot be used for impeachment purposes. *Loper* itself was concerned with an uncounseled conviction in violation of *Gideon v. Wainwright* (1963), 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792. However, the rationale has been extended to other constitutional rights. (See *Beto v. Stacks* (5th Cir. 1969), 408 F.2d 313; *State v. Kiser* (1974), 111 Ariz. 316, 529 P.2d 215; *State v. Murray* (1974), 12 Wash. App. 328, 529 P.2d 1152.) In our opinion *Loper* and *Martin-Trigona* should not be read narrowly to confine the principle to sixth amendment violations. In the instant case the constitutional violation is of the fifth amendment prohibition against double jeopardy. The violation is no less real nor less forceful for that reason.

We must therefore assume that the introduction of the conviction

at trial was error, but the more important question is whether it was reversible error. We think not. A reviewing court may find that the denial of a Federal constitutional right did not contribute to a defendant's conviction, provided it can determine that the error was harmless beyond a reasonable doubt. (*Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) That is precisely the situation here.

The direct inquiry consisted of a single question. After establishing that defendant had been in the Pontiac penitentiary, counsel asked whether that was on account of his being convicted of a crime. After defendant replied in the affirmative, counsel asked for an explanation and defendant answered, "Aggravated Battery and Bail Jumping." Nothing more was said about it on direct and the prosecutor asked nothing about it on cross-examination, nor did he refer to it in closing argument.

The trial lasted five days, and the record is lengthy. It is difficult to conceive how a single question could have affected the outcome. Moreover, there was eyewitness testimony of defendant's guilt. In his direct appeal to this court defendant raised the question of reasonable doubt only in the context of an intoxication defense, which this court found to be without merit. Contrary to defendant's assertion in the instant case, his credibility was not a major issue. This distinguishes it from *State v. Murray* (1974), 12 Wash. App. 328, 529 P.2d 1152, relied on by him. In that case the Washington court concluded its opinion by saying:

> "Where the defense rests mainly upon the defendant's credibility, we are unable to say that use of a constitutionally invalid conviction to impeach defendant's testimony was harmless error." 12 Wash. App. 328, 333-34, 529 P.2d 1152, 1155.

The State relies upon a prior opinion of this court. (*People v. Miller* (1975), 27 Ill. App. 3d 788, 327 N.E.2d 253, *cert. denied* (1976), 424 U.S. 925, 47 L. Ed. 2d 334, 96 S. Ct. 1136.) It was there held that where a prior conviction was not void at the time of its introduction into evidence, it was not reversible error for the State to use it for impeachment, even though it was later reversed on appeal. In our opinion *Miller* has been overruled *sub silentio* by *Martin-Trigona*.

We agree with the trial judge who said in his order denying the post-conviction petition, "[I]t cannot be maintained that the disclosure of the impeaching aggravated battery conviction made an iota of difference to the jury."

■ However, the same cannot be said of the sentencing hearing. In his remarks at that hearing the trial judge stated:

> "The court is only considering an aggravated battery in Ad-

ams County in 1977, which I think is only considering the conviction and sentence which resulted from that conviction of violation of terms of your bail bond, and that was in Adams County in 1978 which was a four—I'm sorry—a three year four month to ten year sentence. So those are what we are considering."

Prior to this statement the court said that he was considering a burglary conviction in Poplar Bluff, Missouri, and a burglary conviction in Rockford in 1972. He also stated that he was not considering a 1961 burglary conviction in Rockford. The court then concluded:

"We are not going to consider that [the 1961 conviction], Mr. Leonard. That was a lot of years ago. We are only going to consider *those other four items which I have mentioned.*" Emphasis added.

It is thus clear that the court was specifically relying on the aggravated battery conviction in fixing his sentence. The State argues that it was only one of four convictions being considered and therefore the sentence would probably not be different. This seems to us to be pure speculation. The State also argues, and the trial court appeared to agree, that because the operative facts of the aggravated battery conviction were not the reason for reversal, the conviction can still be considered but only as part of the social history of the defendant. We cannot agree. *Loper* teaches that so long as the reversal is on constitutional grounds, the conviction is entirely vitiated.

From the cold record we cannot determine how much weight the trial judge placed on the reversed conviction, but it is obvious that he placed some on it. This was sufficient to taint the entire proceeding.

■ As we have previously indicated, defendant also argues the failure of counsel to file the required Rule 651 certificate (103 Ill. 2d R. 651). Since we are remanding for a new sentencing hearing, we need not discuss that issue. We note only that no such certificate was ever made in this case and absent affirmance of all the other issues, the lack of it might be sufficient for a new post-conviction hearing. Compare *People v. Bennett* (1980), 82 Ill. App. 3d 596, 403 N.E.2d 50.

That portion of the order of the circuit court of Brown County denying a new trial to defendant is affirmed; that portion of the order denying a new sentencing hearing is reversed; and the cause is remanded to that court with directions to hold a new sentencing hearing without the aggravated battery conviction as a part thereof.

Affirmed in part, reversed in part, and remanded with directions.

MORTHLAND and SPITZ, JJ., concur.