Hubert **GUILLARD**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 89–43.

District of Columbia Court of Appeals.

Argued March 12, 1991.
Decided Sept. 13, 1991.

---

Boniface K. Cobbina, Washington, D.C., appointed by the court, for appellant.

Bernadette C. Sargeant, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas J. Tourish, Jr., and Sharon A. Sprague, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before STEADMAN and SCHWELB, Associate Judges, and BELSON, Senior Judge.*

BELSON, Senior Judge:

Appellant Hubert Guillard challenges his conviction for simple assault, D.C.Code § 22–504 (1989). His principal contention is that the trial judge erroneously denied his request for a self-defense instruction. We agree, and remand for a new trial.

On June 6, 1988, a hot day, appellant Hubert Guillard, a chef at the Tiberio Restaurant, and two other Tiberio chefs, Rene Toxuant and Wygbert Kriel, were eating at a table in the restaurant kitchen when complainant Dennis Degiampietro, a sixty-three-year-old waiter at Tiberio, opened a kitchen door leading outside to get some fresh air. After Degiampietro opened the door, Toxuant told him several times to close it. Degiampietro, by his own admission, responded each time: "fuck you," but testified that he did not expect such language to give offense in light of the usual tenor of conversation in the kitchen. Then Toxuant got up, closed the door, and told Degiampietro to get out of the kitchen. As

* Judge Belson was an Associate Judge of the court at the time of argument. His status changed to Senior Judge on July 24, 1991.

Degiampietro proceeded to leave the kitchen, Toxuant and Guillard began to follow him. Then, according to Degiampietro, Guillard overcame him and threw him to the ground without any provocation.

Guillard and his witnesses, however, painted a far different picture of what took place as Degiampietro proceeded to leave the kitchen. They testified that Degiampietro threw a trash can at Toxuant. Then Degiampietro began to throw plates. At that point, Guillard got up, approached Degiampietro, and told him to stop. Instead of stopping, Degiampietro threw a plate and then a tray at Guillard. With his arms lifted to protect his face, Guillard took a step forward; as he did so, Degiampietro took a step backward and fell. After the close of all the evidence, the trial judge denied Guillard's request for a self-defense instruction stating:

> I went through the testimony very carefully last night of all of the witnesses, because it should be—if there's some evidence, no matter where it comes out—so I went over the Government's witnesses and I went over your witnesses. There is nothing in here that indicates that there was any assault. There is, I think, an accident. I mean, your defense, as far as I can see, really is more in the nature—that this was an accident that occurred to Mr. Degiampietro.
>
> \* \* \* \* \* \*
>
> ... There has to at least be some positive testimony that [Guillard] definitely did push him. He doesn't say that and nobody else does. And without that there is no assault. He has not assaulted him. If he hasn't assaulted him there is no reason for a self defense. There is no testimony of an assault.

Summarizing her concern after pointing out again that the defense witnesses did not acknowledge that Guillard had ever struck the complaining witness, the trial judge explained:

> That's not enough. I mean, self defense is a situation where you have assaulted him in some way and your explanation for having done so is because you were defending yourself. There is no testimony here that [Guillard] did anything to [Degiampietro].

It was clear that the trial judge was satisfied that there was sufficient evidence from other sources that Guillard assaulted Degiampietro, for she allowed the case to go to the jury.

 Guillard contends that the trial court improperly denied his request for a jury instruction on self-defense. Generally, " 'a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.' " *Reid v. United States*, 581 A.2d 359, 367 (D.C.1990) (quoting *Adams v. United States*, 558 A.2d 348, 349 (D.C.1989) (quoting in turn *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 887, 99 L.Ed.2d 54 (1988))). Thus, the trial court should give a self-defense jury instruction if there is an evidentiary basis in the record to support it. *See id.* A defendant's decision, however, to establish "different or even contradictory defenses" does not jeopardize "the availability of a self-defense jury instruction as long as self-defense is reasonably raised by the evidence." *Id.*[1]

"In determining whether a defense instruction was properly denied, we review the evidence in the light most favorable to the defendant." *Adams, supra,* 558 A.2d at 349. Guillard maintained from the beginning of trial that one of his defense theories would be self-defense. Thus, the trial court allowed him to present evidence

---

**1.** The government cites *Hale v. United States,* 361 A.2d 212 (D.C.1976), for the proposition that a defendant is "not entitled to [a] self-defense instruction where he did not admit that he committed the crime." *Hale* does not stand for that broad proposition. While it states that there was insufficient evidence to support a self-defense instruction because Hale had repudiated his admission to the police that he had shot the complainant, the opinion does not otherwise reveal that state of the record regarding self-defense. *Id.* at 216 n. 9. The proposition the government advances is contrary to our holding in *Adams, supra.*

that Degiampietro had a reputation among his coworkers for violent and aggressive behavior and that Degiampietro had been the aggressor on the day of the assault. Several witnesses testified that during the incident Degiampietro had thrown a trash can and plates at Toxuant and also had thrown plates and a tray at Guillard. When Guillard took the stand and was asked whether he had assaulted Degiampietro, he replied (unresponsively), "I was the one who was assaulted."

■ The trial judge had to determine whether the evidence was sufficient to raise issues as to whether (1) Guillard actually believed he was in imminent danger of bodily harm, and (2) he had reasonable grounds for that belief. Criminal Jury Instructions for the District of Columbia, No. 5.13 (3d ed. 1978). Although the trial judge stated that she had reviewed her notes with respect to all the witness, she focused exclusively on the testimony of the defense witnesses in making the determination that there was no evidence of assault on Degiampietro. It was necessary to consider also the testimony of the government witnesses to determine whether there was any evidence that fairly raised the issue of self-defense. *Harling v. United States*, 387 A.2d 1101, 1103 n. 1 (D.C.1978) ("As to the self-defense claim, we simply note that an accused is entitled to a self-defense instruction if the evidence, either that of the defense *or prosecution,* fairly raises the issue." (emphasis added)); *see also Reid, supra,* 581 A.2d at 367 ("[T]here was some basis in the evidence presented *by the government* that supported [the defendant's] claim to a self-defense instruction." (emphasis added)).

In this case, two government witnesses testified with respect to the alleged assault. Degiampietro testified that Guillard "assaulted me and he pushed me—and he pushed me to the table of the dish washer. He knocked me down to the floor.... With all his strength. He came over to me like that and I fell down[.]" Another witness, Raul Revollo, testified that he clearly saw Guillard throw Degiampietro "real hard like against the dishwasher table. And the (sic) he fell down like a sack of potatoes."

Nevertheless, the government asserts that the trial judge properly denied the self-defense instruction, arguing that the jury would have "to engage in 'bizarre reconstruction' of the evidence" to find that Guillard acted in self-defense. *See Wood v. United States*, 472 A.2d 408, 410 (D.C.1984). We disagree. With respect to the events of the assault, the jury reasonably could credit the testimony of the government's eyewitness, along with the photographs of Degiampietro, to find that Guillard did assault Degiampietro. Second, the jury reasonably could credit Guillard and his witnesses with respect to the events that immediately preceded the alleged assault, i.e. that Degiampietro threw the trash can and threw plates and a tray at Guillard, to find that Degiampietro, not Guillard, was the initial aggressor. These facts alone are enough to demonstrate that this is not the kind of case that would require the jury to undertake a "bizarre reconstruction" of the evidence to acquit Guillard of simple assault on the basis of self-defense.

Strengthening that conclusion and demonstrating that the jury would not have had to engage in an unrealistic piecing together of scraps of testimony to find against the government on the self-defense issue are some additional aspects of the evidence. The jury would not have had to discredit the testimony of government eyewitness Raul Revollo regarding self-defense while crediting what he said about the assault itself because he said he did not see what happened before Guillard assaulted Degiampietro. Likewise, the jury would not have had to engage in any labored acceptance of some defense testimony and rejection of other testimony, because none of the defense witnesses expressly testified that Guillard did not assault Degiampietro.

By so observing, we emphasize that we are not saying that a jury may not accept some parts and reject other parts of a particular witness' testimony in finding the facts.

Because there was evidence that fairly raised the issue of self-defense, we hold that the trial judge erred in denying Guillard's request for an instruction on self-defense.[2]

*Reversed and remanded.*

---

**2.** The only additional argument of appellant that we need address concerns the issue of sufficiency of the evidence. Guillard contends that the government failed to introduce sufficient evidence to prove that he did not act in self-defense. Complainant Degiampietro, however, denied throwing any plates or trays or kicking over a trash can. *See Curry v. United States,* 520 A.2d 255, 263 (D.C.1987) (motion for judgment of acquittal granted only if there is *no* evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt).

With respect to the remaining issues, i.e. whether Guillard was prejudiced by inadequate translation of his direct testimony or whether the government engaged in prosecutorial "misconduct," we decline to address them in light of our decision to remand the case with respect to the self-defense instruction issue, as they are not likely to arise again if the case is tried once more on remand.